FARMERS' & MERCHANTS' STATE BANK & TRUST CO. v. SLIGER et al.†

(Court of Civil Appeals of Texas. El Paso. Feb. 29, 1912.)

1. APPEAL AND ERROR (§ 1010*)—FINDINGS —CONCLUSIVENESS.

A finding warranted by the evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982; Dec. Dig. § 1010.*]

2. APPEAL AND ERROR (§ 882*)—FINDINGS— CONCLUSIVENESS.

A plaintiff in garnishment who called as a witness a third person claiming the fund paid into court by the garnishee may not question the correctness of his testimony on direct examination forming the basis of the court's findings of the third person's ownership of the fund, though the testimony was in a large measure hearsay.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

3. APPEAL AND ERROR (§ 1043*)—HARMLESS ERROR—IMMATERIAL QUESTIONS.

Where in garnishment the court found, as warranted by the evidence, that a third person was the owner of the fund paid into court by the garnishee, the error, if any, in sustain-

ing a motion of defendant to quash the writ of garnishment was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4115–4121; Dec. Dig. § 1043.*]

Appeal from Nolan County Court; Jno. J. Ford, Judge.

Action by the Farmers' & Merchants' State Bank & Trust Company against F. B. Perry as defendant and E. W. and N. W. Sliger, garnishees, in which Alice Perry appeared and claimed the fund paid into court by the garnishees. From a judgment in favor of Alice Perry, plaintiff appeals. Affirmed.

Crane & Bondies, for appellant. A. B. Yantis, for appellees.

HIGGINS, J. Appellant filed suit against F. B. Perry upon a liquidated demand, and ancillary thereto sued out writs of garnishment against E. W. and N. W. Sliger. The writs were issued and served on May 14, 1910, and on July 11, 1910, the garnishees answered that they were indebted upon a promissory note executed by them payable to the order of F. B. Perry, dated February 14, 1910, payable May 14, 1910, in the sum of $300, with 10 per cent. interest from its date, and they tendered into court the sum of $307.50, being the principal and interest due upon said note to May 14, 1910; they further answered that they were informed and believed that the wife of said F. B. Perry claimed some right or interest in the said moneys so paid into court on account of said note, and they prayed that the said Perry and wife be made parties to the suit to the end that the rights of all parties in and to the same might be determined. F. B. Perry filed an answer consisting of general demurrer and special plea that the note described in the answer of the garnishees was not due at the date the writs of garnishment were issued and served, and that same was a negotiable instrument, for which reason he prayed that the writs be quashed. Alice Perry, the wife of F. B. Perry, answered that on or about February 15, 1910, said note was indorsed and delivered to her by her husband as her separate property in payment of money owing by him to her on account of separate property which had been used by him in the purchase of a restaurant business, which restaurant business had been sold by her husband to E. W. and N. W. Sliger who, in part payment therefor, executed the note above described, wherefore she claimed the moneys due upon said note as her separate property and asked the court to decree the same to her. The appellant filed an answer in which it demurred generally to the answer of Alice Perry, and alleged, further, that it was apparent from the record that the fund sought to be garnished had been paid into court and was then subject to the orders of the court and

to the writs of garnishment issued and served in the case; that the said fund was the property of F. B. Perry, and prayed that no order or judgment be made by the court disposing of the fund until testimony be heard showing the rights thereto of the plaintiff and F. B. Perry; and that upon a final hearing it have judgment subjecting the fund to the payment of its debt. On July 27, 1910, an order was entered sustaining the motion of F. B. Perry to quash the writs and ordered such writs quashed and held for naught. Upon the same date an order was entered overruling the plaintiff's demurrer to the motion to quash the writs, and judgment was entered reciting that upon hearing of the intervention of Alice Perry all matters of fact as well as of law were submitted to the court, and it was found by the court that Alice Perry was the owner in her own name of the note described in the answer of the garnishees at the date of the suing out and service of the writs, and it was therefore decreed by the court that Alice Perry was the owner of the fund so tendered by the garnishees, and the same was ordered paid to her.

[1] Under the testimony in this case, the court was warranted in its finding that the money tendered into court by the garnishees was the separate property of Alice Perry, and this court cannot disturb this finding.

[2] Mrs. Perry was called to the stand by appellant, and the court based its finding upon her testimony given, as it appears from the statement of facts, upon direct examination. Under these circumstances, it is not in a position to question the correctness of her testimony, nor the fact that it appears in large measure to have been hearsay in its nature.

[3] The hearing by the court, made upon the request of appellant, for the purpose of determining the rights of the parties, having been decided in favor of the contention of Mrs. Perry that the fund was her separate property, it is immaterial whether there was error in sustaining the motion of F. B. Perry to quash the writs of garnishment, as is also the action of the court in overruling plaintiff's demurrer to F. B. Perry's motion to quash. Whether or not such action by the court was erroneous, it is not necessary to decide.

Affirmed.

